CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 24 2011

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JEFFREY N. COLEMAN, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:11-cv-00145 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNKNOWN DEFENDANT, | ) | By: Samuel G. Wilson |
|     Defendant. | ) | United States District Judge |

Plaintiff, Jeffrey N. Coleman, a Virginia inmate proceeding pro se, filed a letter which was docketed as a civil rights action pursuant to 42 U.S.C. § 1983. In his submission, Coleman alleges that he is being denied a copy of the "Jailhouse Lawyer's Handbook." Upon review of his submission and attachments, however, the court finds that Coleman has not exhausted all available administrative remedies before filing this action, and therefore, the court dismisses his suit without prejudice pursuant to 42 U.S.C. § 1997e(a).

I.

The Prison Litigation Reform Act requires that inmates exhaust all available administrative remedies *before* filing an action challenging prison conditions. 42 U.S.C. § 1997e(a); see also, Dixon v. Page, 291 F.3d 485 (7th Cir. 2002), citing Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999) (holding that an inmate's complaint must be dismissed for failure to exhaust even if the inmate demonstrates that he filed a grievance and appealed it to the highest level of the prison's grievance procedure after commencing the lawsuit). A district court may sua sponte dismiss a complaint where a prisoner's failure to exhaust is apparent from the face of the complaint. Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 683 (4th Cir. 2005). In this case, Coleman concedes that he is in the process of grieving his claim and his attachments demonstrate

1

that he is currently awaiting a response to his appeal of the denial of his regular grievance. Because Coleman has not exhausted all available administrative remedies *before* filing this action, the court dismisses his suit without prejudice for failure to exhaust.

## II.

For the stated reasons, Coleman's motion is dismissed without prejudice pursuant to §1997e(a) for failure to exhaust.

**ENTER:** This 24th day of March, 2011.

_____
United States District Judge